JoNes, GM&f Judge,
concurring in part:
I concur in part, but would limit the time for which recovery may be had.
*15 The facts in the different pay cases are so variable that each should be decided on its own merits. I don’t think permanent continuing recovery should be had in any case, with the exception of cases like pension, retirement, and disability cases, where the right is a fixed and continuing obligation, or where specific statutes are involved.
By the terms of the Selective Service and Training Act of 1940, 50 U.S.C. App. § 308, a returning soldier is given the mandatory right to be restored to the position previously held or to a position of like seniority, status, and pay and “shall not be discharged from such position without cause within one year after such restoration.”
Where, as in this case, the procedural violation was somewhat technical, and rather full consideration has been given to the plaintiff’s case by the constituted authorities, I would limit the recovery to the salary for not exceeding one year less any amount that has been earned or by reasonable diligence could have been earned during that period.
Where a great wrong has been committed and real equities are involved I would lengthen the period to suit the equities, but this is not such a case.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on October 21, 1960, that judgment for the plaintiff be entered for $9,416.58, of which sum $942.56 shall be credited to the plaintiff in the Civil Service Retirement and Disability Fund, $103.25 shall be credited to the plaintiff in the Employees’ Life Insurance Fund, and $787.41 shall be paid to the Department of Agriculture for reimbursement for the lump sum leave payment made to the plaintiff.